836 P.2d 995

**Elizabeth SALGADO; Pima County Arizona, a body politic, Plaintiffs/Appellants,**

**v.**

**Leonard J. KIRSCHNER, in his capacity as Director of Arizona Health Care Cost Containment System; the State of Arizona; and University Famli–Care, Defendants/Appellees.**

**No. 2 CA–CV 91–0184.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 16, 1992.

Review Granted on issue No. 3 and Denied as to all other issues Sept. 17, 1992.

Howard Baldwin, Tucson, for plaintiffs/appellants.

Snell & Wilmer by Dora Fitzpatrick and Laura V. Ridenour, Tucson, for defendant/appellee University Famli–Care.

Johnston Maynard Grant & Parker by Logan T. Johnston and Michael D. Curran, Phoenix, for defendants/appellees Kir-schner and State of Ariz.

## OPINION

LIVERMORE, Chief Judge.

Plaintiff Elizabeth Salgado required a liver transplant to survive. She sought funding for that transplant from defendant Arizona Health Care Cost Containment System, Arizona's form of indigent health care which is partially supported by federal Medicaid funds. 42 U.S.C. § 1396, et seq. Her request was denied because, under A.R.S. § 36–2907(A)(12), liver transplants are authorized only for persons under 18 years of age. In this appeal from an adverse administrative decision, plaintiffs contend that this application of the Arizona statutes violated federal Medicaid statutes and the United States and Arizona constitutions.[1] The trial court disagreed. We affirm.

■ As we understand plaintiffs' primary argument, it is that the Medicaid statutes require the funding of any medically necessary treatment. Some cases have so held. See, e.g., *Weaver v. Reagen*, 886 F.2d 194 (8th Cir.1989). On the other hand, the United States Supreme Court has recognized "the States' longstanding discretion to choose the proper mix of amount, scope, and duration limitations on services covered by state Medicaid." *Alexander v. Choate*, 469 U.S. 287, 307, 105 S.Ct. 712, 723, 83 L.Ed.2d 661, 676 (1985). While it is possible to square these two lines of authority by saying that the state must provide medically necessary services and may dispense with the unnecessary, that, in fact, would leave little discretion to the states in this era of rapidly advancing, extremely costly medical procedures, all of which can be easily termed necessary by a complaisant medical profession. There is nothing express in the statutes requiring funding of anything medically necessary. Given the Supreme Court's language, we would be reluctant to follow the holding of some federal courts that such a requirement is implicit. We need not reach that issue, however, because in the area of organ transplantation, it has been expressly held that state funding is not required. *Meusberger v. Palmer*, 900 F.2d 1280 (8th Cir.1990); *Ellis v. Patterson*, 859 F.2d 52 (8th Cir.1988). As *Ellis* explained, the legislative history to the amendment to 42 U.S.C. § 1396b(i) covering federal funding of organ transplantations, makes it is clear that Congress did not intend to require states to cover such procedures. The clarity of this legislative intent effectively destroys plaintiffs' argument that the federal Medicaid statutes mandate state funding of Ms. Salgado's liver transplant.

■ Alternatively, plaintiffs argue that even if a state may deny transplants entirely, once any transplant of a particular type is funded, as are liver transplants in Arizona for those under 18, all must be. This principle is derived from the provision of 42 U.S.C. § 1396b(i) precluding federal payment for organ transplants unless made pursuant to written state standards providing that "similarly situated individuals are treated alike." Again, the legislative history of this provision, quoted in *Ellis*, supra, establishes that the intent was "to assure that State coverage decisions for organ transplants are based on clear principles consistently applied, and not on political or media considerations." 859 F.2d at 55. Or, as explained in *Meusberger*, supra, the purpose was "to provide objective criteria, subject to challenge as being arbitrary or unreasonable." 900 F.2d at 1283. Age is, of course, a clear principle that can be consistently applied. Nor is youth an unreasonable or arbitrary factor in spending public funds. If the state is free not to fund any transplants, we see nothing unreasonable in spending some money to benefit those who will have the longest remain-

1. Pima County paid for Ms. Salgado's transplant and has joined her in seeking reimbursement.

ing life as a result of the procedure.[2] See *Kantrowitz v. Weinberger*, 388 F.Supp. 1127 (D.D.C.1974), aff'd 530 F.2d 1034 (D.C.Cir.1976). There being a rational basis for the statutory differentiation, plaintiffs' equal protection claims under the state and federal constitutions also fail. *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Bryant v. Continental Conveyor Equipment Co.*, 156 Ariz. 193, 751 P.2d 509 (1988).[3]

In view of our disposition of these issues, we need not reach other issues raised in the appeal. The judgment is affirmed.

LACAGNINA, P.J., and HOWARD, J., concur.

**2.** Even if this distinction could not be otherwise justified, 42 C.F.R. § 441.57 permits a state to provide indigent services to minors that it does not provide to others. Specifically, it allows states to provide additional early periodic screening, diagnosis, and treatment services (EPSDT services) under 42 U.S.C. § 1396d(a)(4)(B), "even if the agency does not otherwise provide these services to other recipients or provides them in a lesser amount, duration, or scope." Given this regulation, it is impossible to argue that reserving certain services to minors violates the federal statutory scheme. Indeed, 42 U.S.C. § 1396 is cited in A.R.S. § 36–2907(A)(12) as the basis on which the state authorized liver transplants for those under 18.

**3.** Plaintiff also contends that the age distinction renders A.R.S. § 36–2907(A)(12) invalid as a special law under Ariz.Const. Art. 4 part 2, § 19. To the extent that this is premised on the absence of a rational basis for the legislative action, it fails for the reasons already stated. To the extent that it is based on the argument that age distinctions are per se invalid, it is rejected for absence of authority. See *Republic Investment Fund I v. Town of Surprise*, 166 Ariz. 143, 800 P.2d 1251 (1990).